UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR,
Petitioner,

v.

Correctional Officer Blain;
A. T. Wall Director-RIDOC;
Donna Collins, Deputy warden (HSC)
James Weeden, warden HSC
Theresa Lantz, Commissioner, CTDOC;
LT. Doyle (RIDOC HSC),
Respondents.

CASE NO. CA05-406S

RECEIVED
AUG 17 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

August 12, 2005

PETITION FOR WRIT OF ERROR CORAM NOBIS; AND/OR HABEAS CORPUS AD FACIENDUM ET RECIPIENDUM; ALL WRITS ACT; PETITION FOR MANDAMUS (RIDOC Disciplinary Hearing)

The Petitioner Thaddeus Taylor, in his Pro se capacity, respectfully files with this Honorable Court this Petition for Writ of ERROR CORAM NOBIS and/or HABEAS CORPUS AD FACIENDUM ET RECIPIENDUM; All writs ACT PETITION; PETITION FOR WRIT of Mandamus directing Respondent(s) to VACATE the petitioner's finding of guilty of a disciplinary infraction that was written by Correctional Officer Blain on August 9, 2005 at the High Security Facility, within Rhode Island Dept. of Corrections... in which LT Doyle at a disciplinary Hearing on August 11, 2005 - and allowed by the Respondent(s). (RIDOC) Discipline No. 000010032 - - code 107 (DISOBEDIENCE) Highest (non-predatory) to which the Petitioner received 30 days Punitive Segregation; 30 days Loss of Good-time, and other Sanctions.

The Petitioner a STATE of Connecticut inmate, that was involuntarily transferred to Rhode Island Dept. of Correction as a "retaliatory transfer"-- is housed in the Protective Custody unit -- at the High Security Facility - RIDOC.. Claims that he was denied "Due process of Law," a fair hearing and opportunity to put forth a defense..as a result of the Respondents "Defacto Policies" and blatant violations of the Petitioner's Constitutional Rights in the Disciplinary Hearing Process.

First, the Petitioner claims that the disciplinary Hearing officer, LT. Doyle was not an impartial hearing officer and have had direct involvement in this matter as well as other matters in which the Petitioner have filed formal Complaints of Misconducts against LT. Doyle.. LT. Doyle is also the subject matter of two pending federal civil Rights Lawsuits to which the petitioner filed against him and other Respondents. Taylor v. CTDOC etal, C.A. 05-118T; Taylor v. RIDOC, etal 3:05cv747 (RJS) (CT USDC) .. therefore LT. Doyle is inherently a "bias person"; Secondly, the Petitioner was denied the right to Call witnesses without Just cause; denied the opportunity to prepare a defense; denied the right to Review the "security Camera" that recorded the incident on August 8 2005; denied the right to Call the Correctional officer (Blain) that wrote the disciplinary Report against him and his alledged witness(es) -- as specifically allowed as a right by RIDOC Policies and Procedures.. "Morris Rules"; Third, the Petitioner was deprived of

his right to have meaningful Assistance of a Staff Representative, as required by "RIDOC" Rules and the "Morris Rules"; The Staff Representative basically sat in the hearing and did nothing to assist the petitioner, he failed to independantly interview the witnesses, failed to meet with the petitioner meaningfully prior to the hearing, and failed to obtain and introduce evidence in the petitioner's defense including the video security camera TAPE of the alleged incident that would proved the petitioner's innocences. fourth

The Correctional officer (Blain), only wrote the petitioner this 'booking' as a result of him being named as a defendant in the petitioner's Civil Rights Lawsuit - and to punish, Retaliate against the petitioner. The Disciplinary Hearing officer failed to consider this fact and the fact Correctional officer (Blain) have a pattern of writing Retaliatory disciplinary infractions, harassment, threats, and intimidation of inmates at the "High security facility"

The Petitioner Also Submits That the "RIDOC" High Security Facility have a "Defacto policies" .. to find all inmates "guilty" of disciplinary infractions regardless ... and a Custom and practices for eachother to Cover-up STAFF misconducts at the High Security Facility. For this reason as well the finding should be vacated. For All the Above reasons... the petitioner respectfully Moves this Honorable Court for an order to "VACATED" the "Disciplinary Hearing findings" and Direct the Respondents to Conduct

a New Disciplinary Hearing before an impartial Disciplinary Hearing Board, as required under the "Morris Rules".. and more importantly a hearing that Allows the Petitioner to Call a reasonable Amount of witness(es); Review and produce the "Video Security Camera" of the incident; require staff representative to conduct an independant investigation into the facts -- and interview witness(es), gather evidence and adequately or meaningfully assist the petitioner at the "disciplinary hearing.."

The petitioner also submits that he is Currently eligible for placement in a "Halfway House" on August 23, 2005 -- and eligible for parole hearing on or about November, 2005 .. therefore the disciplinary report could adversely effect his placement in a "Halfway House" and re-entry into Soceity... causing him irreparable injuries. The Petitioner have not received a disciplinary infraction in "Connecticut-DOC" since "1996".. The Petitioner request the court excercise it's jurisdiction over this matter.

Respectfully Submitted,

I swear under penalty of perjury that the above statements are true and correct to the best of my knowledge.

Thaddeus Taylor #128275
ACI-HSS
P.O. Box 8200
Cranston, RI 02920

Certificate of Service

I Certify that a copy of this "Petition"/writ (RIDOC Disciplinary Hearing) was mailed to the Respondents Director A.T. Wall RIDOC, 40 Howard Ave, Cranston, RI 02920 (c/o Attorney Patricia A. Coyne-Fague) on this 12th day of August, 2005 - Postage prepaid.

Thaddeus Taylor