ORiginal (A & B)

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR, Petitioner, : CASE No. C. A 05-406S

v. :

CORRECTIONAL OFFICER BLAIN, ET. AL. Respondents : NOVEMBER 4, 2005

PETITIONER'S OBJECTION TO RESPONDENTS' MOTION TO DISMISS UNDER RULE 12, F.R.Civ.P.

The Petitioner Thaddeus Taylor, in the above captioned matter respectfully files his "OBJection" to the Respondents' MOTION TO DISMISS pursuant to Rule 12 of the F.R.Civ.P. claiming that the petition should be dismissed for failure to establish subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim upon which relief may be granted under Rule 12(b)(6)... Because the Respondents arguments are without merit and Relies on a factually incorrect STATEMENT of the facts it should be denied.

Insupport of the petitioner's OBJection to the Respondents' MOTION TO DISMISS the petitioner requests the Court take "Judicial Notice" of the Documents and Brief(s) submitted to the United STATES Court of Appeals, For the First Circuit.. in the related matters TAYLOR v. Collins, et al. C.A. 05-265 S; C.A. 05-278 S; USCA Nos. 05-2337 (Pending)(1st Cir.) And 05-2342 Exhibits "A" & "B"

The petitioner adopts these pleadings and arguments herein by reference, as fully argued herein. Additionally, the Respondents Concedes to the factual claims made by the Petitioner in his petition.. as required to do so in filing a motion to Dismiss under Rule 12, F.R.Civ.P.

Namely, the Respondents Concedes that the sanctions rendered by the Rhode Island Prison officials involved both disciplinary segregation and loss of 'good time'.. among other things the petitioner being adversely affected at his parole hearing and placement in a halfway house .. as Connecticut Prisoners are entitled to be placed in once they become within 18 months of their maximum Release date. (See page 22 of Exhibit "A", Brief to USCA, 05-2337).. as specifically stated in the Petitioner's Petition.

The Respondents, however simply opted to mislead this Honorable Court.. by simply arguing that the petitioner' was only placed in "Segregation" for periods less than 30 days. Because the Record and facts are clear, as to the exact "sanctions" imposed at the Rhode Island DOC disciplinary proceedings upon the Petitioner -- "Loss of good time".. the Motion to Dismiss is without merit.

'Loss of good-time, and any actions that would keep the petitioner incarcerated longer

Clearly involves state created liberty interests; inwhich are invoked by the "Due process" Clause of the United States Constitution and both State of Connecticut - Constitution and the State of Rhode Island - Constitution. see Sandin v. Conner, 515 US 472, 484, 132 L.Ed.2d 418, 115 S.Ct. 2293 (1995); Supt. Massachusetts Corr. Inst. v. Hill, 472 US 445, 105 S.Ct. 2768 (1985); Burkett v. Love, 89 F.3d 135 (3rd Cir 1996);

Accordingly, the Respondents argument as to this aspect should be denied.. and deem without merit.

Next, the Respondents' argues in their Motion to Dismiss.. that the petitioner fails to state a claim upon which relief can be granted.. Clearly, this argument too, is without merit.. and relies upon the Respondents' "misrepresentation(s)" of the actual sanctions that were imposed upon the petitioner.. inwhich included, but not limited to the loss of good time..and longer incarceration period for the petitioner.

Moreover, the petitioner claims about the prison officials misconducts, lack of due process of law and their defacto policies that deprive inmates at the High Security Facility - fair and just disciplinary proceedings - must be considered as factual for the purposes of a Rule 12, Motion to Dismiss. Clearly, the petitioner would be able to prove all of these set of facts to which would entitled him to the sought relief.

Additionally, as noted by the Respondents-- the petitioner is a STATE of Connecticut Resident, and a state of Connecticut prisoner... that is only in the Respondents' custody and care--insofar as they are only acting as an "agent" for the Connecticut Dept. of Correction ..because the matter deals with residents of two different STATES-- this Honorable Court has the authority to fully entertain these claims.

The Court also have subject-matter Jurisdiction over these matters under the All Writs Act, 28 U.S.C § 1651; Writ of Error Coram Nobis; 28 U.S.C. 2241; Writ of Mandamus; and Habeas Corpus Proceedings. The "Interstate" contractual agreement between the state of Rhode Island and the state of Connecticut, as setforth in the New England Interstate Correction Compact Agreement (enacted by both STATE Laws) also requires this Court to interpret the provisions of such... in that the issues are complex and/or vague as to how the petitioner should go about seeking his sought relief.. therefore, this Honorable Court should resolve such... and have the Authority to do so.

For all the above reasons, and the submitted documents the Petitioner respectfully requests this Honorable Court to deny the Respondents' MOTION TO DISMISS. see Exhibits "A" & "B" in support.

Respectfully Submitted,

[signature], prose

Thaddeus Taylor #128275
ACI-HSC
P.O. Box 8200
Cranston, RI 02920

## Certificate of Service

I certify that a copy this "Objection" and attached exhibits "A" & "B" were mailed to Attorney Patricia A. Coyne-Fague and Kathleen M. Kelly RIDOC, 40 Howard Ave. Cranston, RI 02920 on this 4th day of November 2005, postage prepaid.

[signature], prose

Thaddeus Taylor #128275
ACI-HSC, P.O. Box 8200
Cranston, RI 02920