Moreover, the harm cannot be speculative, and subjective apprehensions and predictions cannot establish an immediate threat of irreparable harm. See e.g. In Re Rare Coins of America, Inc., 862 F.2d 896, 901 (1st Cir.1988). Injunctive relief can not be granted against something merely feared as liable to occur at some indefinite time in the future. Connecticut v. Massachusetts, 282 U.S. 660, 674 (1930). Here plaintiff's harm is based solely on fear and speculation that he may be subjected to disciplinary charges at some point in time in the future. This is insufficient to demonstrate immediate, irreparable harm for this Court to issue a preliminary injunction.

Additionally, the relief plaintiff seeks is contrary to public policy. Plaintiff seeks an injunction that would essentially prevent prison officials from charging the plaintiff with any disciplinary infraction and would require this Court to micro-manage the RI-DOC's disciplinary boards. The Court will not give the plaintiff a free pass and permit him to misbehave without consequence. See Sandin v. Conner, 515 U.S. 472, 486 (1995)("Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of a sentence imposed...."). This Court is not in the business of managing prisons or sitting as a prison disciplinary board's appellate panel.

Furthermore, the Prison Litigation Reform Act provides that a federal court "shall not grant or approve any [form of injunctive relief] unless the Court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of a federal right." 18 U.S.C. § 3626(a)(1). Here, the injunctive relief the plaintiff seeks is too broad and sweeping. This Court can not issue such an injunction. See id.

Exhibit A