UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| THADDEUS TAYLOR | : | |
| | : | |
| v. | : | C.A. No. 05-406S |
| | : | |
| CORRECTIONAL OFFICER | : | |
| BLAIN, et al. | : | |

## REPORT AND RECOMMENDATION

On September 26, 2005, Petitioner Thaddeus Taylor, a Connecticut prisoner who was at the time incarcerated at the Rhode Island Adult Correctional Institution ("ACI"), filed this petition, entitled "Petition for Writ of Error Coram Nobis; And/Or Habeas Corpus Ad Faciendum Et Recipiendum; All Writs Petition for Mandamus (RIDOC Disciplinary Hearing)." (Document No. 1). Petitioner is proceeding *pro se*. Defendants filed a Motion to Dismiss the Petition. (Document No. 3). This matter has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72(a). The Court has determined that no hearing is necessary. After reviewing the Memoranda submitted by the parties and performing independent research, I recommend that Taylor's petition be DISMISSED.

### Facts/Travel

On August 9, 2005, Plaintiff received two disciplinary sanctions. The first sanction, for having contraband in his cell, is the subject of C.A. No. 05-407, and the second sanction, for failing to follow an order of a correctional officer, is the subject of this suit. Plaintiff was given a disciplinary hearing relating to the offenses and was found guilty of each offense. His initial sentence was 15 days in segregation for the contraband offense and 30 days in segregation for disobedience.

Following the disciplinary hearing, Plaintiff appealed the decisions to the Deputy Warden, and she reduced his time in segregation to 6 days for the contraband offense and 21 days for the disobedience offense. Plaintiff then spent 27 days in segregation for the guilty findings. Following completion of his time in segregation, Plaintiff filed these Petitions asking the Court to exercise jurisdiction over the prison disciplinary hearings, and to vacate the guilty finding on each matter.

Petitioner asserts a variety of reasons for vacating the guilty findings and conducting new disciplinary hearings, including that the hearing officer was biased, that he was not allowed to call witnesses, that he was not allowed to review security camera footage of the incident, and that his guilty finding may jeopardize his eligibility to be paroled or placed in a halfway house.

**Discussion**

Defendants have moved to dismiss the actions under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. First, pursuant to Fed. R. Civ. P. 12(b)(1) and applicable case law, Defendants claim this Court does not have subject matter jurisdiction over a disciplinary proceeding held in a state prison. In Sandin v. Conner, 515 U.S. 472, 486 (1995) the Supreme Court stated, "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." The Court also noted that, "[t]he Due Process Clause standing alone confers no liberty interest in freedom from state action taken within the sentence imposed." Id. at 479 (citations omitted). Considering the twenty-seven day penalty imposed on Taylor, the Sandin case is squarely on point, and prevents the Court from reviewing Taylor's claims. In short, without any protected liberty interest, there is no viable claim that Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States..." See 28 U.S.C. §2254.

In addition to failing to state a constitutional violation, there is a more basic element lacking in Taylor's Petition: he has not exhausted his state remedies as to his claim. Because he has not exhausted his state remedies, the exercise of jurisdiction by this Court would be improper under 28 U.S.C. § 2254(b)(1)(A). Therefore, this reason is a sufficient alternate basis upon which the Petition should be dismissed.

Moreover, the various arguments advanced by the State under Fed. R. Civ. P. 12(b)(6) are also sufficient to convince the Court that the case must be dismissed. Defendants claim, for example, that even accepting Plaintiff's argument that he was denied a right to call witnesses and that the hearing was not impartial, he has still failed to state a claim because there is no protected liberty interest. Plaintiff, on the other hand, asserts that as a result of the segregation he may have lost credit for "good time" and that he may have to serve a longer prison sentence because he may not be eligible for parole at an early date. As the Sandin Court stated, this type of argument is "too attenuated" to state a claim for deprivation of due process in light of the "myriad of considerations" that goes into making a determination as to a prisoner's release. Sandin, 515 U.S. at 487. Additionally, the Court notes that Taylor is no longer present in this District. On or about January 24, 2006, Taylor was transferred from the ACI, and returned to Connecticut and the custody of the Connecticut Department of Corrections. For all of these reasons, his claims fail under Rule 12(b)(6) and his petition should be dismissed for those reasons.

**Conclusion**

For the foregoing reasons, I recommend that Defendants' Motion to Dismiss (Document No. 3) be GRANTED and that Taylor's Petition (Document No. 1) be DISMISSED with prejudice. In light of the recommended dismissal of all of the substantive claims, the Court also DENIES the Petitioner's Motion for Temporary Injunctive Relief (Document No. 7) as MOOT. Any objection

to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
March 10, 2006