(ORiginAL)

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

THADDEUS Taylor : C.A. No. [redacted]
~~05-4075~~

v.

:

Correctional OFFICER MARCh 17, 2006
BLAIN, ET AL :

Petitioner's OBJECTION TO MAGISTRATE Judge's RepoRT AND Recommendation

The Petitioner Thaddeus Taylor, in his Pro se capacity, in the above captioned matter respectfully files this OBJection to the Magistrate Judge's Report and Recommendation dated march 10, 2006, recommending that the Petition be dismissed with prejudice without conducting further hearings...

The Petitioner first OBJects to the MAGISTRATE Judge statement that he Conducted "independant research"... to which he relied upon in making his recommendation the petitioner, submits that nobody from the Magistrate Judge's office have Contacted him to ascertain the actual facts or the adverse action these disciplinary reports have caused the petitioner to Remain incarcerated longer. the Petitioner respectfully submits that

the Magistrate Judge should not have engaged in any independant investigation in to the matters without allowing the Petitioner to be heard or voice his concerns. Moreover, Clearly the Magistrate Judge failed to properly Conduct a research into the facts of this case... and only took the Respondents' incorrect position as to The "Original Disciplinary Sanctions that was imposed upon the Petition..

The Magistrate Judge failed to realize and include in his "Report and Recommendation" the fact that (TAYLOR) the petitioner was not only Sanctioned to Segregation time.. he also was Sanctioned to "Loss of good time" equal to the amount of days he served in "disciplinary Segregation".. the Respondents' Attorney knowingly omitted this fact in filing this Motion to Dismiss, and misstated the facts.

The Magistrate Judge, further failed to accept the Petitioner 'Reply'/Responses to the Respondents' Motion to Dismiss and failed to Require the Respondents to prove that the only Sanctions that were imposed was segregation time -- and not Lost

of 'good time' as well.

As a matter of STATE of Rhode Island Law... any sanctions imposed such as "Segregation", "Lost of privileges" also requires the equal amount of time to be imposed of "Lost of good-time"... This is mandatory for the Rhode Island Department of Corrections to adhere to--- the Respondents' Attorney(s) very well know this, but opted to omit such facts in their Motion(s) to this Honorable Court -- to mislead the Court --and Apparently, the Magistrate Judge was mislead ... to which the Petitioner respectfully Request the U.S. District Judge overrule the Report and order further proceedings.

The Petitioner also respectfully submits that the Magistrate Judge incorrectly construed the petitions as petitions under USC § 2254 -- when in fact they are petitions being brought under "USC § 2241"... Additionally, the Petitioner clearly articulated to the Court that he in fact have exhausted all AVAILABLE STATE Remedies to him.. and any further exhaustion would be futile.. the Magistrate Report failed to Address this Argument.. and facts

in making its determination the petitioner did not exhaust his state remedies.. (Indeed, the Respondents' Attorney, before the U.S. Court of Appeals, for the First Circuit recently admitted that 'Taylor' could not exhaust and state remedies in Rhode Island Superior Court(s); because he was a State of Connecticut inmate serving time for the State of Connecticut.. this precise issue is the same issue that did not get address and now before the U.S. Court of Appeals (USCA052337)

Lastly, the Magistrate Judge reports stated that the 'disciplinary' reports may adversely effect the petition -- when infact it have already did.. the petitioner was supposed to be released from prison on April 1, 2006.. as a result of these disciplinary tickets, unfair process etc.. the petitioner release date was pushed back to June 1, 2006 therefore there is absolutely no question such actions adversely affected the petitioner and caused him to be incarcerated longer without due process of law.

For all the above reasons the petitioner respectfully request(s) the Report & Recommendation be "rejected" and further proceedings ordered.

Respectfully submitted,

[signature]

Thaddeus Taylor
341 Clinton Ave
Bridgeport, CT 06605
The petitioner, prose

# Certificate of Service

I certify that a copy of this Objection(s) was mailed to the Respondents Attorney Katherine Kelly, RIDOC Legal office, Howard Ave Cranston, RI 02920 on this 17th day of march 2006 postage prepaid.

[signature]
Thaddeus Taylor